JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>LI XIA SUN,<br><br>      Debtor,<br><br>_____<br><br>COLONY RESORTS LVH ACQUISITIONS LLC dba LAS VEGAS HILTON,<br><br>      Plaintiff / Appellee,<br><br>    vs.<br><br>LI XIA SUN,<br><br>      Defendant / Appellant.<br>_____ | Dist. Ct. Case No. CV 08-3176 ODW<br><br>BK Case No.    LA 06-12792 TD<br><br>BK Adv. No.    LA 06-01937 TD<br><br>ORDER AFFIRMING BANKRUPTCY COURT'S IMPOSITION OF SANCTIONS |

    Pending before the Court is Appellant Li Xia Sun's and his attorney Shun Chen's appeal from the Bankruptcy Court. Mr. Chen urges the Court to consider three issues on appeal. Only one of those issues remains pertinent in light of the

dismissal of the underlying adversary action.[1] The pertinent issue is whether the Bankruptcy Court abused its discretion in awarding sanctions under Rule 37 of the Federal Rules of Civil Procedure.

The Bankruptcy Court's order awarding sanctions should not be overruled unless it constitutes an abuse of discretion. *See In re Lehtinen*, 564 F.3d 1052, 1058 (9th Cir. 2009); *Miller v. Cardinale (In re DeVille)*, 361 F.3d 539, 547 (9th Cir.2004). "A court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *In re At Home Corp.*, 392 F.3d 1062, 1067 (9th Cir. 2004) (citing *Bird v. Lewis & Clark Coll.*, 303 F.3d 1015, 1020 (9th Cir. 2002).

The Bankruptcy Court issued a thorough memorandum of decision that explained the basis of its imposition of sanctions on October 20, 2007. The Court has considered the Bankruptcy Court's memorandum of decision as well as the arguments raised in support of and in opposition to the instant appeal. Finding no abuse of discretion, the Bankruptcy Court's ruling is hereby AFFIRMED.

IT IS SO ORDERED.

DATED: September 8, 2009

_____
Hon. Otis D. Wright II
United States District Judge

---

[1] Appellant continues to argue that the Bankruptcy Court abused its discretion in denying Appellant's Motion to Compel and Motion to Leave. However, those issues are now moot due to the dismissal of the underlying adversary action. (*See* Case No. CV 08-3176 ODW, Docket 2.)